# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| WALTER ROY,            § | | |
|     Petitioner,   § | | |
| § | | |
| v.                     § | | Civil Action No. 4:06-CV-494-A |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent.  § | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I.  FINDINGS AND CONCLUSIONS

#### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B.  PARTIES

Petitioner Walter Roy is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

Roy is serving three twenty-year sentences and a life sentence of his 1998 felony convictions for attempted murder and engaging in organized criminal activity in cause number 0606216D in the Criminal District Court Number Two of Tarrant County, Texas. (Clerk's R. at 86.) The Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Roy's petition for discretionary review on November 10, 1999. *Roy v. Texas*, 997 S.W.2d 863 (Tex. App–Fort Worth 1999); *Roy v. Texas*, PDR No. 1639-99. Roy did not seek writ of certiorari.

Roy has filed two applications for writ of habeas corpus in state court relevant to his 1998 convictions. The first, filed on November 14, 2000, was denied without written order by the Texas Court of Criminal Appeals on January 10, 2001. *Ex parte Roy*, No. 41,654-02, at cover. The second, filed on April 12, 2006, was dismissed as successive on May 10, 2006. *Ex parte Roy*, No. WR-41,654-03, at cover. Roy filed this petition on July 17, 2006.[1] Quarterman has filed an answer with brief in support and documentary exhibits seeking dismissal on limitations or exhaustion grounds. (Resp't Answer at 3-8.) Roy has not filed a timely reply.

D. ISSUES

Roy raises four grounds challenging his convictions on substantive grounds. (Petition at 7-8.)

E. STATUTE OF LIMITATIONS

---

[1]Typically, a prisoner's pro se habeas petition is deemed "filed" when it is handed over to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing). Roy is not entitled to the benefit of the so-called "prison mailbox rule," however, because he did not indicate on his petition the date he placed his petition in the prison mailing system.

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because Roy is attacking his 1998 convictions, subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, Roy's convictions became final and the one-year limitations period began to run upon expiration of the time that Roy had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on February 8, 2000, and closed on February 8, 2001.  *See* Tex. R. App. P. 68.2(a); *Roberts*

3

v. *Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Roy's first state habeas application, pending 57 days, tolled the limitations period until April 6, 2001. 28 U.S.C. § 2244(d)(2). Roy's second state habeas application filed after the federal limitations period had already expired did not operate to further toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor has Roy asserted a valid reason for his failure to file his petition in a timely manner, and the record reveals none. Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Roy's federal petition filed on July 17, 2006, was filed beyond the limitations period and is, therefore, untimely. 28 U.S.C. § 2244(d).

## II. RECOMMENDATION

Roy's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 8, 2006. The United States District Judge need only make a

*de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 8, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 17, 2006.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE